WALTER BOWERS v. STATE.

No. A-771.   Opinion Filed November 23, 1911.

Appeal from Rogers County Court; Archibald Bonds, Judge.

Walter Bowers was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

J. I. Howard, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.  Plaintiff in error was convicted in the county court of Rogers county on the 17th day of January, 1910, on a charge of selling intoxicating liquor, and was by the court sentenced to pay a fine of five hundred dollars and be imprisoned in the county jail six months. The proof tends to show that the plaintiff in error sold one bottle of beer to the prosecuting witness.  The only question urged in this court is that the information upon which the accused was tried does not state sufficient facts to give the county court of Rogers county jurisdiction to try the defendant and impose this judgment.  The information is in the following language, to wit:

"Be it remembered, that W. M. Hall, county attorney, in and for the county of Rogers, state of Oklahoma, who prosecutes in the name and by the authority of the state of Oklahoma, comes here in person into the county court of said county, this 13th day of November, A. D. 1909, and upon the affidavit of James D. Sellers, duly subscribed and sworn to by him as provided by law, and the same is hereto attached, 'Marked Exhibit A' and made a part hereof, gives the court to understand and be informed that on or about the 23rd day of October, A. D. 1909, in the county of Rogers, state of Oklahoma, one Lige Ping and Walter Bowers, then and there being, did then and there wilfully and unlawfully sell spirituous, vinous and fermented intoxicating liquor, commonly called beer, to James D. Sellers, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state.
                    "W. M. HALL, County Attorney."

The county attorney verified the same in the usual form.  The affidavit upon which the information is based is as follows:

"James D. Sellers, being duly sworn states that on or about the 23rd day of October, 1909, in the Elite pool hall in Claremore, Rogers county, Oklahoma, I bought one bottle of Blue Ribbon beer from a young man by the name of Walter, that is, Walter handed me the beer and took the money, twenty-five cents. I do not know Walter's other name. Lige Ping was downstairs in the pool room and I got the beer upstairs.
                    "JAMES D. SELLERS.

"This November 13, 1909.

"Sworn to and subscribed before me this Nov. 13, 1909.
                    "ARCHIBALD BONDS, County Judge."
(Seal of county court.)

This information is entirely insufficient.  The county attorney should have prepared and filed an information in due and proper form

and had it verified by the prosecuting witness, instead of basing it upon the ex parte affidavit of the prosecuting witness. The affidavit does not charge Walter Bowers with any offense and there is nothing in the affidavit from which it could be reasonably inferred that Walter Bowers made the sale of beer the witness refers to in the statement. The judgment is reversed and the cause remanded with directions to the county court of Rogers county to set aside the information and require the county attorney to file a proper one and proceed with the cause as the law provides.